Dawn Rowles,        :
     Petitioner    :
            :
   v.         :
            :
Pennsylvania Department of Military :
and Veterans Affairs (Workers'  :
Compensation Appeal Board),  : No. 1074 C.D. 2022
     Respondent  : Submitted: July 14, 2023


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: September 11, 2023


   Dawn Rowles (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ). The WCJ granted a modification petition filed by the Pennsylvania Department of Military and Veterans Affairs (Employer) and modified Claimant's disability status from total to partial. Claimant posits that the modification unconstitutionally limits her workers' compensation (WC) benefits. Upon review, we affirm the Board's order.


## I. Background

   The facts relevant to this appeal are not in dispute. On May 29, 2018, Claimant sustained a work-related injury to her left elbow. On October 22, 2018, a

Notice of Compensation Payable was issued acknowledging an injury of left elbow inflammation. By a decision dated February 23, 2021, the description of injury was expanded to include chronic myofascial pain and cubital tunnel syndrome.

On July 3, 2021, Employer obtained an impairment rating evaluation (IRE) of Claimant pursuant to Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] 77 P.S. § 511.3 (enacted as part of Act 111 of 2018 (Act 111) to replace former IRE provisions). Employer filed a modification petition seeking to change Claimant's disability status from total to partial based on the IRE. Such a modification does not reduce the weekly WC benefits paid to Claimant, but while total disability weekly WC benefits do not automatically terminate, partial disability weekly WC benefits are limited to 500 weeks. *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 602 n.2 (Pa. Cmwlth. 2018).

In a decision and order dated February 16, 2022, a WCJ granted Employer's petition and modified Claimant's benefits to partial disability. Claimant appealed to the Board, arguing that Act 111 cannot be retroactively applied to her claim because her rights were established prior to its passage. Claimant argued that the IRE process set forth in Act 111 is inapplicable to her and that the resulting modification of her WC benefits is a violation of the Pennsylvania Constitution. The Board affirmed the WCJ's decision and order. Claimant then filed a petition for review in this Court.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

2

## II. Discussion

On appeal,[2] Claimant asserts that she acquired a vested right in her WC benefits that predated the enactment of Act 111; therefore, she insists that applying Act 111 to limit her benefits is a violation of article I, section 11 of the Pennsylvania Constitution, known as the Remedies Clause.[3]  We disagree.  "A party challenging the constitutionality of a statute must meet a heavy burden.  We presume legislation to be constitutional absent a demonstration that the statute 'clearly, palpably, and plainly' violates the Constitution."  *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 434 (Pa. Cmwlth. 2022) (quoting *Konidaris v. Portnoff L. Assocs., Ltd.*, 953 A.2d 1231, 1239 (Pa. 2008)).  Applying this standard, we reject Claimant's constitutional challenge to Act 111.

Under former Section 306(a.2) of the WC Act,[4] IREs were based on the current edition of the *American Medical Association Guides to the Evaluation of Permanent Impairment* (AMA Guides).  However, in *Protz v. Workers'*

---

[2] "This Court's review in [WC] appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 (Pa. Cmwlth. 2022) (additional citation and quotation marks omitted).

[3] The Remedies Clause provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, § 11.

[4] Section 306(a.2) of the WC Act was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and repealed by Act 111.

*Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 835-36 (Pa. 2017), our Supreme Court struck Section 306(a.2) from the WC Act in its entirety.[5]

Act 111 replaced former Section 306(a.2) with Section 306(a.3), 77 P.S. § 511.3. Like the previous provision, Act 111 enabled an employer to require a claimant to undergo an IRE[6] once the claimant had received at least 104 weeks of total disability benefits after sustaining a work-related injury. *See Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561 (Pa. Cmwlth. 2020). Act 111 also reduced the threshold impairment rating for modification of disability status from 50% (compared to that of a whole and unimpaired person) to 35%, making it more difficult for employers to change total disability status to partial disability status. *Id.* at 562. Under Section 306(a.3), as under the previous provision, total disability status has no time limit, but partial disability status after modification via an IRE is limited to 500 weeks of benefits.[7] *Id.* at 558.

---

[5] Our Supreme Court concluded that by designating the "current" edition of the AMA Guides, the former IRE provision impermissibly delegated legislative authority to a private entity, the AMA, without safeguards to ensure either General Assembly supervisory authority over the AMA Guides used to calculate the results of IREs or accountability of the AMA authors. *See Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 835-36 (Pa. 2017).

[6] Act 111 specified that IREs must now be conducted using the 6th Edition of the AMA Guides.

[7] The 500-week period for partial disability benefits, based on a showing that the claimant has recovered some degree of earning power, predated the 1996 enactment of the previous IRE provision, which also adopted the 500-week period. *See Goodrich v. Workmen's Comp. Appeal Bd. (Shenango China)*, 645 A.2d 302, 303-04 & nn.3-4 (Pa. Cmwlth. 1994) (explaining that, "[p]ursuant to [former] Section 306(b) of the [WC] Act, 77 P.S. § 512, the statutory period for partial disability [was] up to 500 weeks").

Regarding retroactive application of statutes, "retrospective laws which have been deemed reasonable are those which impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted." *Bible v. Dep't of Lab. & Indus.*, 696 A.2d 1149, 1156 (Pa. Cmwlth. 1997) (quoting *Krenzelak v. Krenzelak*, 469 A.2d 987, 991 (Pa. 1983)). In this context, a vested right is "something more than a mere expectation based upon an anticipated continuance of existing law"; it must constitute a legal or equitable right to "present or future enforcement of a demand, or a legal exemption from a demand made by another." *Bible*, 696 A.2d at 1156 (quoting *Lewis v. Pa. R.R. Co.*, 69 A. 821, 823 (Pa. 1908)).

Since our Supreme Court's decision in *Protz* and the legislature's enactment of Act 111, this Court has repeatedly rejected claimants' arguments that they had vested rights in their total disability status that precluded retroactive application of Act 111's IRE provisions to them. *See DiPaolo*, 278 A.3d at 435 (observing that "this Court has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in [WC] benefits because there is no right to ongoing [total disability] status") (first citing *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360, 367 (Pa. Cmwlth. 2021); and then citing *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022)[8]).

We recently confirmed this holding again in *DiPaolo*, explaining:

---

[8] This unreported opinion is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

> [E]ven during the time when the previous IRE provisions had been invalidated by the *Protz* cases but before Act 111 became effective, employers were not devoid of a means to modify a claimant's benefit status. Section 413(a) of the [WC] Act, which has been part of our [WC] legislation since its beginning over 100 years ago, has always provided employers (as well as claimants) with the general ability to seek a change in benefits at any time based on "proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." 77 P.S. § 772. Section 306(b) of the [WC] Act, which also has roots in the early decades of [WC] law, specifically enables employers to modify a claimant's disability status from total to partial by showing that the claimant has regained some earning power. 77 P.S. § 512(2). Since the 1996 onset of more cost-efficient IREs, employers were less likely to challenge a claimant's status via litigation, but the option was always available. Thus, while it is true that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them, claimants do not acquire a vested right in total disability status at any given time because that status has always been subject to potential litigation by employers.

278 A.3d at 435-36 (quoting *Sochko*, slip op. at 13) (internal quotation marks and citations omitted). Further, we explained that "Act 111 only enables an employer to seek an IRE, which, depending on the results, may or may not allow the employer to seek modification of the claimant's status from [total disability] to [partial disability]." *Id.* Although Claimant asserts that this Court's well-developed line of binding authority on this specific issue is "deeply flawed," Claimant's Br. at 9, we rejected a similar assertion in *DiPaolo* that this line of cases was "wrongly decided." 278 A.3d at 436. We likewise reject Claimant's assertion here.

Further, we have previously rejected claimants' assertions that they acquired vested rights to total disability benefits because *Protz* made the prior IRE

6

provision void *ab initio*. *See, e.g.*, *DiPaolo*, 278 A.3d at 438 (citing and discussing other decisions). We reject Claimant's similar argument here.

Finally, Claimant asserts that the language of Act 111 is not sufficiently specific to make its application retroactive. We reject Claimant's contention that Act 111 does not specifically indicate a legislative intent to apply Section 306(a.3) retroactively to claimants with injuries predating its enactment. Act 111's credit provision allows employers who paid partial disability benefits under prior law to credit the amount of those payments toward the total 500 weeks of allowable partial disability WC benefits; it also allows employers who made total disability payments to credit the amount of pre-Act 111 total disability payments toward the 104-week waiting period before requesting an IRE. In *DiPaolo*, we concluded the plain language of the credit provisions expressed a clear intent to apply to claimants injured before Act 111's enactment. 278 A.3d at 436.

Claimant suggests that Act 111's language is not specific because it does not clearly state whether the retroactive credit for partial disability payments applies to payments "achieved as a result of unconstitutional IREs or partial disability which the claimant received because of modified work or litigation . . . ." Claimant's Br. at 14-15. However, Claimant does not explain why such a distinction has any relevance. This Court has previously held that "[t]hrough the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, *whether total or partial in nature*, previously paid." *Pierson v. Workers' Comp. Appeal Bd. (Consol. Pa. Coal Co. LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021) (emphasis added) (quoting *Rose Corp.*, 238 A.3d at 562 (additional quotation marks omitted)). As the General Assembly did not distinguish between total and partial payments in allowing

retroactive credit to employers, we discern no reason to distinguish among different reasons for partial payments in concluding that credits for all such payments are retroactive.

For all of these reasons, we reject Claimant's arguments and conclude that Act 111's IRE provisions apply to her.

### III. Conclusion

Based on the foregoing discussion, the Board's order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawn Rowles,
                Petitioner

v.

Pennsylvania Department of Military
and Veterans Affairs (Workers'
Compensation Appeal Board),
                Respondent

:
:
:
:
:
:
:
:
:
:

No. 1074 C.D. 2022

# O R D E R

AND NOW, this 11th day of September, 2023, the order of the Workers' Compensation Appeal Board dated September 9, 2022, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge